SEYFARTH SHAW LLP
Eric M. Lloyd (SBN 254390)
elloyd@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Frederick T. Smith (*to be admitted pro hac vice*)
fsmith@seyfarth.com
Megan H. Poonolly (*to be admitted pro hac vice*)
mpoonolly@seyfarth.com
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia  30309-3958
Telephone:    (404) 885-1500
Facsimile:    (404) 892-7056

Attorneys for Defendant
FIRST ADVANTAGE BACKGROUND SERVICES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE,<br><br>                    Plaintiff,<br><br>          v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION, VERIFICATIONS, INC., and DOES 1 - 10,<br><br>                    Defendants. | Case No.<br><br>**DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S NOTICE OF REMOVAL**<br><br>REMOVED FROM THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA, CASE NO. RG16826479 |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant FIRST ADVANTAGE BACKGROUND SERVICES

CORP. ("FABSC"), hereby removes the above-referenced action from the Superior Court of the State of

California, County of Alameda, to the United States District Court for the Northern District of California

pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity

of citizenship under 28 U.S.C. § 1332.  In support of this Notice of Removal, FABSC states the following:

## I.      PLEADINGS, PROCESSES, AND ORDERS

1.      On August 8, 2016, Plaintiff Jane Roe filed an action in the Superior Court of the State of California, County of Alameda,  titled *Jane Roe v. First Advantage Background Service Corporation, Verifications, Inc,. and Does 1 through 10*, Case No. RG16826479.  In her Complaint, Plaintiff alleges that the Defendants violated California's Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786 *et seq.* ("ICRAA") and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL").  *See* Compl., Dkt. 1, *Jane Roe v. First Advantage Background Service Corporation, et al.*, No. RG16826479  (copy attached hereto as **Exhibit A** for the Court's convenience).

2.      FABSC was served with Summons and a copy of the Complaint on September 7, 2016.  The Summons, Complaint, and Civil Cover Sheet are attached as **Exhibit B**.

3.      A case management conference is scheduled in Superior Court for December 21, 2016.  A true and correct copy of the Notice of Case Management Conference is attached as **Exhibit C**.

4.      On August 9, 2016, the Superior Court issued a Notice of Assignment of Judge for All Purposes.  A true and correct copy of that Notice is attached as **Exhibit D**.

5.      On October 6, 2016, FABSC filed its Answer and Affirmative Defenses to Plaintiff's Complaint in the Superior Court.  A true and correct copy of FABSC's answer is attached as **Exhibit E**.

6.      **Exhibits A through E** constitute all pleadings, process, and orders filed in this action.

## II.     TIMELINESS OF REMOVAL

7.      The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it has been filed within thirty days of service of the Complaint upon Defendant.  *See* 28 U.S.C. § 1446(b).

## III.    DIVERSITY JURISDICTION

8.      The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1).  As set forth below, this action is removable because the amount of controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

### A.      There is Complete Diversity of Citizenship Between the Parties.

9.      Roe is a citizen of the State of California.  (Compl. ¶ 1.)

35270807v.5

10.      FABSC is a Florida corporation with its principal place of business in Atlanta, Georgia. Declaration of B. Jardine, attached hereto as Exhibit F, ¶ 4.  FABSC is a subsidiary of First Advantage Corporation.  *Id.* ¶ 2.  First Advantage Corporation acquired Verifications, Inc. in October 2013.  *Id.* ¶ 5. In July 2015, Verifications, Inc. was merged into FABSC and the Verifications entity ceased to exist. *Id.*  FABSC assumed all of Verifications' liabilities as part of the merger.  *Id.*

11.      The United States Supreme Court has held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Under the "nerve center" test, the principal place of business is the state where the "corporation's officer direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters.  *Id.*  Other relevant factors include where corporate executives maintain their offices, where corporate policies and procedures are made, and where primary corporate functions are based.  *See Ho v. Ikon Office Solutions, Inc.*, 143 F. Supp. 1163, 1168 (N.D. Cal. 2001) (nerve center found to be location where corporation's headquarters was located, where the corporate officers worked, and from where corporate policies and procedures arose). Thus, the "nerve center" is "where the majority of its executive and administrative functions are performed."  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001) (citing *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990)).

12.      First Advantage Corporation's global corporate headquarters is, and was at the time that Plaintiff filed this action, located in Atlanta, Georgia.  Jardine Decl. ¶ 6.  The Georgia headquarters serve as the actual center of direction, control, and coordination for First Advantage Corporation and its subsidiaries, including FABSC.  *Id.*  Moreover, many of FABC's corporate officers, including its President, Vice President/Secretary, and Chief Financial Officer, maintain offices in Atlanta.  *Id.* ¶¶ 1, 6. In addition, many of the executive and administrative functions of First Advantage Corporation and its subsidiaries, including corporate finance and accounting, are directed from the Atlanta office.  *Id.* ¶ 6.

13.      Accordingly, for purposes of diversity jurisdiction, FABSC is a citizen of Florida and Georgia.  *See* 28 U.S.C. § 1332(c)(1).  FABSC is not, and was not, a citizen of the State of California.

14.      FABSC is not aware that any Doe defendant has been served with a copy of the Summons and Complaint.  Pursuant to 28 U.S.C. § 1441(b), the residence of fictitious and unknown

3

35270807v.5

defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe Defendants 1 through 10 does not deprive this Court of jurisdiction.

### B.    The Amount In Controversy Exceeds $75,000

15.    While FABSC denies any liability with respect to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal citation omitted).  As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the court may consider facts presented in the removal petition).  In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

16.    *Statutory Damages.*  In her prayer for relief in her Complaint, Plaintiff seeks the greater of her actual damages or $10,000 in statutory damages, in connection with each of the three causes of action she brings under the ICRAA.  Thus, at a minimum, Plaintiff seeks statutory damages of $30,000.  (Compl. at 8.)

17.    Plaintiff bases her claim for actual damages on "deni[al of] employment[,]… injury to her reputation, embarrassment, humiliation, and emotional distress."  (Compl. ¶ 25.)  In cases arising under the analogous federal statute, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), juries have awarded actual damages in the hundreds of thousands of dollars in connection with claims that a consumer reporting agency failed to use reasonable procedures and/or failed to conduct a reasonable reinvestigation in connection with a consumer's dispute of information in his/her report.  *E.g.*, *Miller v. Equifax Info. Servs.*, No. 3:-11-cv-01231, 2014 WL 2123560, at *1 (D. Or. May 20, 2014) ($180,000 in actual damages based on, among other things, "emotional distress, including humiliation, mental

anguish, loss of reputation, [and] invasion of privacy."); *Boris v. ChoicePoint Servs., Inc.*, 249 F. Supp. 2d 851, 851, 859 (W.D. Ky. 2003) ($197,000--reduced to $100,000--for "humiliation, mental distress, and embarrassment").

18.     ***Punitive Damages.***  Plaintiff also seeks punitive damages.  (Compl. at 8.)  "The amount in controversy may include punitive damages when they are recoverable as a matter of law."  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *see also Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recordable under state law).  The ICRAA provides for the recovery of punitive damages.  Cal. Civ. Code § 1786.50(b).

19.     In similar cases involving allegations under the FCRA that a consumer reporting agency failed to use reasonable procedures and failed to conduct a reasonable reinvestigation, juries have issued punitive damages awards from hundreds of thousands to millions of dollars.  *E.g.*, *Miller*, 2013 WL 4757983 at *1 ($18.4 million, reduced to $1.62 million); *Boris*, 249 F. Supp. 2d at 851, 864 ($250,000).

20.     ***Attorneys' Fees and Costs.***  Finally, Plaintiff seeks reasonable attorneys' fees and costs. (Compl. at 8.)  A prevailing plaintiff may recover attorneys' fees under the ICRAA.  Cal. Civ. Code § 1786.50(a)(2).  Attorneys' fees can be considered for purposes of the amount in controversy determination.  *Galt*, 142 F.3d at 1156.

21.     Attorneys' fees may be awarded based on the lodestar method (calculated by applying counsel's hourly rates to the time spent and a risk multiplier where appropriate).  *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003).  Alternatively, the Court may simply award counsel a percentage of the fund recovered.  *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1029 (9th Cir. 1998).  The Ninth Circuit has awarded attorneys' fees of up to 25 percent of the recovery, although fees may be adjusted or replaced by a lodestar calculation "when specific circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F. 2d 1301, 1311 (9th Cir. 1990).  Under either method, Plaintiff's request for attorneys' fees render it "more likely than not" that the amount in controversy in this case meets the jurisdictional minimum.

DEFENDANT'S NOTICE OF REMOVAL

35270807v.5

22.     Based on the Complaint's allegations, FABSC believes that Plaintiff seeks damages within the jurisdictional authority of this Court.  Because diversity of citizenship exists between Plaintiff and FABSC and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1).  This action is therefore proper for removal to this Court.

**IV.   NO JOINDER REQUIRED**

23.     Unnamed "Doe" defendants are not required to join in removal.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988).

**V.   VENUE**

24.     Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b), 1441(a) and 1446(a).  This action originally was brought in the Superior Court of the State of California, County of Alameda, and Plaintiff is a resident of Alameda County, California.  (*See* Compl. ¶ 1.)

**VI.   CONSENT**

25.     No consent is necessary from the other named Defendant Verifications, because the entity does not exist and has been merged into FABSC.

**VII.   INTRADISTRICT ASSIGNMENT**

26.     Plaintiff's claims arose, in part, from alleged events or omissions occurring in Alameda County, California.  (*See* Compl. ¶¶ 1, 19-40.)  Assignment to the San Francisco or Oakland divisions of this Court is therefore proper under Local Rule 3-2.

**VIII.   NOTICE OF REMOVAL**

27.     Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will promptly be served on Plaintiff and the Clerk of the Superior Court of the State of California, County of Alameda.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

**IX.   PRAYER FOR REMOVAL**

28.     WHEREFORE, FABSC prays that this civil action be removed from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

DEFENDANT'S NOTICE OF REMOVAL

35270807v.5

1

2
                                            SEYFARTH SHAW LLP

3

4                                     By:  /s/ Eric M. Lloyd
                                          Eric M. Lloyd
5                                         Frederick T. Smith
                                          (to be admitted pro hac vice)
6                                         Megan H. Poonolly
                                          (to be admitted pro hac vice)
7

8    Date:  October 7, 2016

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

35270807v.5

# Exhibit A

*14550762*

1   LAW OFFICES OF CRAIG DAVIS
2   Craig Davis (SBN 268194)
    cdavis@craigdavislaw.com
3   1714 Stockton Street, Third Floor
    Suite 305
4   San Francisco, CA 94133-2930
    Telephone:    415.857.5820
5   Facsimile:    415.795.4595

6   Attorney for Plaintiff
7   Jane Roe

**FILED**
ALAMEDA COUNTY

AUG 0 8 2016

CLERK OF THE SUPERIOR COURT
By _____
       JANIE THOMAS, Deputy

8

9

10

11

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                      COUNTY OF ALAMEDA

14            RENÉ C. DAVIDSON COURTHOUSE

15                    UNLIMITED JURISDICTION

16

17   Jane Roe,

18                Plaintiff,

19        v.

20   First Advantage Background Services
21   Corporation,
     Verifications, Inc.,
22   and DOES 1-10,

23

24                Defendants.

25

26

27

28

CASE NO.  **RG16826479**

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1.        Civil Code § 1786.18(c)
2.        Civil Code § 1786.20(b)
3.        Civil Code § 1786.24
4.        Bus. and Prof. Code § 17200 *et seq.*

JURY TRIAL DEMANDED

BY FAX

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

Plaintiff Jane Roe, based on information and belief, alleges as follows:

## PARTIES

1.      Plaintiff Jane Roe[1] is an individual and at all relevant times mentioned herein was a resident of Alameda County.

2.      Plaintiff is informed and believes and on that basis alleges that Defendant First Advantage Background Services Corporation ("First Advantage") is and at all times mentioned herein was a corporation organized and existing under the laws of the State of Florida.

3.      Plaintiff is informed and believes and on that basis alleges that Defendant Verifications, Inc. ("Verifications") is a wholly-owned subsidiary of Defendant First Advantage Background Services Corporation and was at all times mentioned herein a corporation organized and existing under the laws of the State of Minnesota.

4.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff is informed and believes and on that basis alleges that each of these fictitiously-named defendants contributed to and are liable for the injuries to Plaintiff that are alleged in this complaint.

5.      Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants DOES 1-10 were agents of each other and of the named Defendant(s) and, in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendant(s).

## JURISDICTION AND VENUE

6.      Venue and jurisdiction are proper in this Court pursuant to Code of Civil Procedure Sections 395 and 395.5.

///

---

[1] Plaintiff is filing anonymously to protect her right to privacy regarding a criminal case that was set aside and vacated pursuant to Penal Code section 1203.4. *See Doe v. Lincoln Unified Sch. Dist.*, 115 Cal. Rptr. 3d 191, 196-97 (Cal. Ct. App. 2010) (describing the increasing judicial use of fictitious names to protect privacy rights).

**LEGAL BACKGROUND**

7.   California's Investigative Consumer Reporting Agencies Act ("ICRAA") (Civil Code § 1786 *et seq.*) governs investigative consumer reporting agencies, which are defined, in relevant part, as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties." Civ. Code § 1786.2(d).

8.   The term "consumer" is defined, in relevant part, as "a natural individual who has made application to a person for employment purposes." Civ. Code § 1786.2(b).

9.   The term "investigative consumer report" is defined, in relevant part, as a "consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means." Civ. Code § 1786.2(c).

10.   A criminal background check report that is to be used for employment purposes thus meets the definition of an "investigative consumer report" and is subject to the requirements of ICRAA.[2] Civ. Code §§ 1786.2(b), (c), 1786.18(a)(7).

11.   ICRAA was enacted to ensure that consumer reporting agencies "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy" by requiring that they "adopt reasonable procedures for meeting the needs of commerce . . . in a manner that is fair and equitable to the consumer." Civ. Code § 1786(b), (f).

12.   Specifically, ICRAA requires investigative consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Civ. Code § 1786.20(b).

13.   To further ensure maximum possible accuracy, ICRAA also requires that "an investigative consumer reporting agency shall not furnish an investigative consumer report that

---

[2] *See, e.g.,* Seyfarth Shaw LLP, *2011 Cal-Peculiarities: How California Employment Law is Different* (2011) §4.11, pp. 29-31, <http://www.seyfarth.com/dir_docs/news_item/0ba89dda-2ac3-4f4d-858b-1742d7e53542_documentupload.pdf> [as of August 8, 2016].

1   includes information that is a matter of public record and that relates to an arrest, indictment,

2   [or] conviction . . . unless the agency has verified the accuracy of the information during the 30-

3   day period ending on the date on which the report is furnished." Civ. Code § 1786.18(c).

4         14.    ICRAA empowers consumers to protect their reputation information by requiring

5   that background check companies allow a consumer to inspect all files about her that are

6   maintained by the company. The company must also make a copy of any background check

7   report available to the consumer, upon request, for at least two years after the date that such a

8   report is issued. Civ. Code §§ 1786.10, 1786.11.

9         15.    If a consumer disputes the accuracy of any information in a criminal background

10   check report, the investigative consumer reporting agency "shall, without charge, reinvestigate

11   and record the current status of the disputed information or delete the item from the file" within

12   30 days of receiving the dispute. Civ. Code § 1786.24(a).

13         16.    Additionally, the investigative consumer reporting agency must provide a written

14   notice to the consumer that details the results of any reinvestigation. Civ. Code § 1786.24(g).

15         17.    An investigative consumer reporting agency that fails to comply with any

16   requirement of ICRAA is liable for the greater of $10,000 per violation, or actual damages

17   sustained by the subject of the report, as well as reasonable attorneys' fees and costs of suit for the

18   prevailing plaintiff. If an investigative consumer reporting agency's violations are grossly

19   negligent or willful, it may be liable for punitive damages. Civ. Code § 1786.50(a) & (b).

20   **FACTUAL ALLEGATIONS**

21         18.    Both First Advantage and Verifications are investigative consumer reporting

22   agencies that sell investigative consumer reports containing criminal records information to third

23   parties for employment purposes.[3] First Advantage acquired Verifications in November 2013.

24         19.    In August 2014, Plaintiff Jane Roe submitted a job application to an employer.

---

25   [3] *See* First Advantage Background Services Corporation, *California Legal Compliance*, p. 1,

26   <https://www.fadv.com/%5CPortals%5C0%5CDownloads%5CFCRA%5CCALegalCom

27   pliance.pdf> [as of August 8, 2016] (noting that ICRAA "covers all reports such as criminal searches, employment verifications, education verifications and references").

28

20.     The employer ordered a background check report about Roe from Verifications.

21.     On August 21, 2014, the employer denied Roe's application for employment based on information provided by Verifications in its background check report about Roe.

22.  .   The Verifications report improperly stated that Roe had been convicted in 2008.

23.     This 2008 case against Roe had been dismissed in August 2013 pursuant to Penal Code section 1203.4, which is a remedial statute that provides a mechanism to remove "the blemish of a criminal record," and "reward an individual" who has demonstrated rehabilitation by restoring her to her former status in society. *People v. Guillen* (2013) 218 Cal.App.4th 975, 998.

24.     Verifications failed to verify the accuracy of this criminal records information from 2008 during the 30-day period ending on the date on which its report was furnished.

25.     As a result of this unlawful and inaccurate report, Roe was denied employment and suffered injury to her reputation, embarrassment, humiliation, and emotional distress.

26.     Roe was distressed and mortified that this outdated information had been disclosed to her potential employer. She did not understand why a dismissal had appeared on her report as a conviction, and wanted to correct the error because she feared it would happen again.

27.     By October 2014, at the latest, the Verifications website stated that the "Verifications, Inc. business has been combined with First Advantage" and redirected consumers seeking to file a dispute of a Verifications report to the First Advantage webpage for consumers.

28.     On January 20, 2015, Roe submitted a Notice of Dispute via certified mail to the address for the First Advantage Consumer Center listed on its webpage for consumers.

29.     Roe received a confirmation that her dispute was delivered on January 27, 2015.

30.     Neither First Advantage nor Verifications responded to this dispute.

31.     On June 9, 2015, Roe emailed First Advantage to both ask for an update on her January 20, 2015 dispute and to resubmit a dispute of the August 2014 report.

32.     First Advantage replied that it had no record of the January 20, 2015 dispute and asked Roe for a dispute ticket reference number.

33.     Neither First Advantage nor Verifications investigated Roe's June 9, 2015 dispute.

34.     On June 15, 2015, Roe emailed that she had never received a dispute ticket reference number from the January 20, 2015 dispute. In an effort to help First Advantage locate her file, she provided the order number listed on the August 2014 report.

35.     First Advantage replied that it could not locate a background check report under her name, nor any disputes of such a report.

36.     Roe then mailed an additional request for her file to a South Dakota address for the Applicant Services department at Verifications. That mail was redirected to Minnesota and eventually arrived in Illinois in a Zip Code where Verifications has an office.

37.     Roe never received a response to this request for her file from Verifications.

38.     During the ensuing months, Roe made several calls to First Advantage to try to track down a copy of her report and disputes, but First Advantage could not locate them.

39.     In November 2015, a First Advantage representative told Roe that Verifications reports are on a different platform that First Advantage representatives cannot access.

40.     Roe called several more times in the next two months. The First Advantage representatives said they were looking into it, but were not able to locate her report or disputes.

41.     First Advantage had acquired Verifications two years prior, in November 2013, and the Verifications website had been redirecting consumers to the First Advantage webpage for over a year, since at least October 2014. Yet the First Advantage representatives could not provide Roe any information regarding the August 2014 employment background check report, nor investigate her disputes of that report.

**FIRST CAUSE OF ACTION**

**(Violations of California Civil Code § 1786.18(c))**

**(Against All Defendants)**

42.     Roe hereby incorporates by reference the preceding paragraphs.

43.     Defendants failed to verify the accuracy of the criminal records information about Roe during the 30-day period ending on the date on which the report was furnished, in violation of Civil Code section 1786.18(c).

1    44.    Defendants' violations were willful and/or grossly negligent.

2    45.    Defendants' violations entitle Roe to damages including, but not limited to, the

3  actual harms suffered by Roe as a direct legal, proximate, and foreseeable result of Defendants'

4  violations, or statutory damages of $10,000, and punitive damages.

5                        **SECOND CAUSE OF ACTION**

6              **(Violations of California Civil Code § 1786.20(b))**

7                        **(Against All Defendants)**

8    46.    Roe hereby incorporates by reference the preceding paragraphs.

9    47.    Defendants failed to "follow reasonable procedures to assure maximum possible

10  accuracy of the information" about Roe, in violation of Civil Code section 1786.20(b).

11   48.    Defendants' violations were willful and/or grossly negligent.

12   49.    Defendants' violations entitle Roe to damages including, but not limited to, the

13  actual harms suffered by Roe as a direct legal, proximate, and foreseeable result of Defendants'

14  violations, or statutory damages of $10,000, and punitive damages.

15                        **THIRD CAUSE OF ACTION**

16              **(Violations of California Civil Code § 1786.24)**

17                        **(Against All Defendants)**

18   50.    Roe hereby incorporates by reference the preceding paragraphs.

19   51.    Defendants failed to reinvestigate and either record the status of the disputed

20  information or delete the item from the file within 30 days of receiving disputes from Roe.

21   52.    Defendants never provided the notice required by Civil Code section 1786.24(g).

22   53.    Defendants' violations were willful and/or grossly negligent.

23   54.    Defendants' violations entitle Roe to damages including, but not limited to, the

24  actual harms suffered by Roe as a direct legal, proximate, and foreseeable result of Defendants'

25  violations, or statutory damages of $10,000, and punitive damages.

26

27

28

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

## FOURTH CAUSE OF ACTION

### (Violations of Business and Professions Code §§ 17200 *et seq.*)

### (Against All Defendants)

55.　Roe hereby incorporates by reference the preceding paragraphs.

56.　The Unfair Competition Law ("UCL") defines unfair competition to include any "unlawful, unfair, or fraudulent" business act or practice. Cal. Bus. & Prof. Code §§ 17200 *et seq.*

57.　Defendants engaged in unlawful and unfair business practices under the UCL by violating multiple sections of ICRAA.

58.　Roe was injured in fact and lost money or property as a result of these unlawful and unfair business practices.

59.　Roe is entitled to seek injunctive relief to prevent Defendants' use of any practice which constitutes unfair competition. Cal. Bus. & Prof. Code § 17203.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For statutory damages of $10,000 per violation of ICRAA, or damages to be proven at trial, whichever is greater;

2. For punitive damages;

3. For injunctive relief;

4. For costs of suit herein incurred;

5. For reasonable attorney's fees;

6. For interest as allowed by law; and

7. For such other and further relief as the Court may deem proper.

Dated: August 8, 2015

Craig Davis
LAW OFFICES OF CRAIG DAVIS
Attorney for Plaintiff Jane Roe

# Exhibit B

*14550754*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

First Advantage Background Services Corporation, Verifications, Inc., and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jane Roe

**FILED**
**ALAMEDA COUNTY**

AUG 0 8 2016

CLERK OF THE SUPERIOR COURT
By _____
JANE THOMAS, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is: Alameda County Superior Court
*(El nombre y dirección de la corte es):*

Rene C. Davidson Alameda County Courthouse
1225 Fallon Street, Oakland, CA 94612

**CASE NUMBER:**
*(Número del Caso):*

**RG16826479**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Craig Davis (SBN 268194), 1714 Stockton St, Fl 3, Ste 305, San Francisco, CA, 94133; (415) 857-5820

DATE: August 8, 2016                 Chad Finke          Clerk, by _____, Deputy
*(Fecha)*                                              *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

*14550762*

1  LAW OFFICES OF CRAIG DAVIS
2  Craig Davis (SBN 268194)
   cdavis@craigdavislaw.com
3  1714 Stockton Street, Third Floor
   Suite 305
4  San Francisco, CA 94133-2930
   Telephone:   415.857.5820
5  Facsimile:   415.795.4595

6  Attorney for Plaintiff
7  Jane Roe

**FILED**
ALAMEDA COUNTY

AUG 0 8 2016

CLERK OF THE SUPERIOR COURT
By _____
       JANIE THOMAS, Deputy

8

9

10

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                         COUNTY OF ALAMEDA

14                  RENÉ C. DAVIDSON COURTHOUSE

15                      UNLIMITED JURISDICTION

16

17  Jane Roe,                          CASE NO.  **RG16826479**

18              Plaintiff,             COMPLAINT FOR DAMAGES AND
                                       INJUNCTIVE RELIEF
19       v.

20  First Advantage Background Services   1.    Civil Code § 1786.18(c)
                                          2.    Civil Code § 1786.20(b)
21  Corporation,                          3.    Civil Code § 1786.24
    Verifications, Inc.,                  4.    Bus. and Prof. Code § 17200 *et seq.*
22  and DOES 1-10,

23              Defendants.            JURY TRIAL DEMANDED

24

25

26                                     BY FAX

27

28

                                       COMPLAINT FOR DAMAGES
                                       AND INJUNCTIVE RELIEF

Plaintiff Jane Roe, based on information and belief, alleges as follows:

## PARTIES

1.      Plaintiff Jane Roe[1] is an individual and at all relevant times mentioned herein was a resident of Alameda County.

2.      Plaintiff is informed and believes and on that basis alleges that Defendant First Advantage Background Services Corporation ("First Advantage") is and at all times mentioned herein was a corporation organized and existing under the laws of the State of Florida.

3.      Plaintiff is informed and believes and on that basis alleges that Defendant Verifications, Inc. ("Verifications") is a wholly-owned subsidiary of Defendant First Advantage Background Services Corporation and was at all times mentioned herein a corporation organized and existing under the laws of the State of Minnesota.

4.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff is informed and believes and on that basis alleges that each of these fictitiously-named defendants contributed to and are liable for the injuries to Plaintiff that are alleged in this complaint.

5.      Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants DOES 1-10 were agents of each other and of the named Defendant(s) and, in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendant(s).

## JURISDICTION AND VENUE

6.      Venue and jurisdiction are proper in this Court pursuant to Code of Civil Procedure Sections 395 and 395.5.

*///*

---

[1] Plaintiff is filing anonymously to protect her right to privacy regarding a criminal case that was set aside and vacated pursuant to Penal Code section 1203.4. *See Doe v. Lincoln Unified Sch. Dist.*, 115 Cal. Rptr. 3d 191, 196-97 (Cal. Ct. App. 2010) (describing the increasing judicial use of fictitious names to protect privacy rights).

## LEGAL BACKGROUND

7.     California's Investigative Consumer Reporting Agencies Act ("ICRAA") (Civil Code § 1786 *et seq.*) governs investigative consumer reporting agencies, which are defined, in relevant part, as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties." Civ. Code § 1786.2(d).

8.     The term "consumer" is defined, in relevant part, as "a natural individual who has made application to a person for employment purposes." Civ. Code § 1786.2(b).

9.     The term "investigative consumer report" is defined, in relevant part, as a "consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means." Civ. Code § 1786.2(c).

10.     A criminal background check report that is to be used for employment purposes thus meets the definition of an "investigative consumer report" and is subject to the requirements of ICRAA.[2] Civ. Code §§ 1786.2(b), (c), 1786.18(a)(7).

11.     ICRAA was enacted to ensure that consumer reporting agencies "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy" by requiring that they "adopt reasonable procedures for meeting the needs of commerce . . . in a manner that is fair and equitable to the consumer." Civ. Code § 1786(b), (f).

12.     Specifically, ICRAA requires investigative consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Civ. Code § 1786.20(b).

13.     To further ensure maximum possible accuracy, ICRAA also requires that "an investigative consumer reporting agency shall not furnish an investigative consumer report that

---

[2] *See, e.g.,* Seyfarth Shaw LLP, *2011 Cal-Peculiarities: How California Employment Law is Different* (2011) §4.11, pp. 29-31, <http://www.seyfarth.com/dir_docs/news_item/0ba89dda-2ac3-4f4d-858b-1742d7e53542_documentupload.pdf> [as of August 8, 2016].

1   includes information that is a matter of public record and that relates to an arrest, indictment,

2   [or] conviction . . . unless the agency has verified the accuracy of the information during the 30-

3   day period ending on the date on which the report is furnished." Civ. Code § 1786.18(c).

4        14.   ICRAA empowers consumers to protect their reputation information by requiring

5   that background check companies allow a consumer to inspect all files about her that are

6   maintained by the company. The company must also make a copy of any background check

7   report available to the consumer, upon request, for at least two years after the date that such a

8   report is issued. Civ. Code §§ 1786.10, 1786.11.

9        15.   If a consumer disputes the accuracy of any information in a criminal background

10  check report, the investigative consumer reporting agency "shall, without charge, reinvestigate

11  and record the current status of the disputed information or delete the item from the file" within

12  30 days of receiving the dispute. Civ. Code § 1786.24(a).

13       16.   Additionally, the investigative consumer reporting agency must provide a written

14  notice to the consumer that details the results of any reinvestigation. Civ. Code § 1786.24(g).

15       17.   An investigative consumer reporting agency that fails to comply with any

16  requirement of ICRAA is liable for the greater of $10,000 per violation, or actual damages

17  sustained by the subject of the report, as well as reasonable attorneys' fees and costs of suit for the

18  prevailing plaintiff. If an investigative consumer reporting agency's violations are grossly

19  negligent or willful, it may be liable for punitive damages. Civ. Code § 1786.50(a) & (b).

20                              **FACTUAL ALLEGATIONS**

21       18.   Both First Advantage and Verifications are investigative consumer reporting

22  agencies that sell investigative consumer reports containing criminal records information to third

23  parties for employment purposes.[3] First Advantage acquired Verifications in November 2013.

24       19.   In August 2014, Plaintiff Jane Roe submitted a job application to an employer.

25

26  [3] *See* First Advantage Background Services Corporation, *California Legal Compliance*, p. 1,
    <https://www.fadv.com/%5CPortals%5C0%5CDownloads%5CFCRA%5CCALegalCom
27  pliance.pdf> [as of August 8, 2016] (noting that ICRAA "covers all reports such as criminal
    searches, employment verifications, education verifications and references").

28

20. The employer ordered a background check report about Roe from Verifications.

21. On August 21, 2014, the employer denied Roe's application for employment based on information provided by Verifications in its background check report about Roe.

22. The Verifications report improperly stated that Roe had been convicted in 2008.

23. This 2008 case against Roe had been dismissed in August 2013 pursuant to Penal Code section 1203.4, which is a remedial statute that provides a mechanism to remove "the blemish of a criminal record," and "reward an individual" who has demonstrated rehabilitation by restoring her to her former status in society. *People v. Guillen* (2013) 218 Cal.App.4th 975, 998.

24. Verifications failed to verify the accuracy of this criminal records information from 2008 during the 30-day period ending on the date on which its report was furnished.

25. As a result of this unlawful and inaccurate report, Roe was denied employment and suffered injury to her reputation, embarrassment, humiliation, and emotional distress.

26. Roe was distressed and mortified that this outdated information had been disclosed to her potential employer. She did not understand why a dismissal had appeared on her report as a conviction, and wanted to correct the error because she feared it would happen again.

27. By October 2014, at the latest, the Verifications website stated that the "Verifications, Inc. business has been combined with First Advantage" and redirected consumers seeking to file a dispute of a Verifications report to the First Advantage webpage for consumers.

28. On January 20, 2015, Roe submitted a Notice of Dispute via certified mail to the address for the First Advantage Consumer Center listed on its webpage for consumers.

29. Roe received a confirmation that her dispute was delivered on January 27, 2015.

30. Neither First Advantage nor Verifications responded to this dispute.

31. On June 9, 2015, Roe emailed First Advantage to both ask for an update on her January 20, 2015 dispute and to resubmit a dispute of the August 2014 report.

32. First Advantage replied that it had no record of the January 20, 2015 dispute and asked Roe for a dispute ticket reference number.

33. Neither First Advantage nor Verifications investigated Roe's June 9, 2015 dispute.

34.     On June 15, 2015, Roe emailed that she had never received a dispute ticket reference number from the January 20, 2015 dispute. In an effort to help First Advantage locate her file, she provided the order number listed on the August 2014 report.

35.     First Advantage replied that it could not locate a background check report under her name, nor any disputes of such a report.

36.     Roe then mailed an additional request for her file to a South Dakota address for the Applicant Services department at Verifications. That mail was redirected to Minnesota and eventually arrived in Illinois in a Zip Code where Verifications has an office.

37.     Roe never received a response to this request for her file from Verifications.

38.     During the ensuing months, Roe made several calls to First Advantage to try to track down a copy of her report and disputes, but First Advantage could not locate them.

39.     In November 2015, a First Advantage representative told Roe that Verifications reports are on a different platform that First Advantage representatives cannot access.

40.     Roe called several more times in the next two months. The First Advantage representatives said they were looking into it, but were not able to locate her report or disputes.

41.     First Advantage had acquired Verifications two years prior, in November 2013, and the Verifications website had been redirecting consumers to the First Advantage webpage for over a year, since at least October 2014. Yet the First Advantage representatives could not provide Roe any information regarding the August 2014 employment background check report, nor investigate her disputes of that report.

### FIRST CAUSE OF ACTION

### (Violations of California Civil Code § 1786.18(c))

### (Against All Defendants)

42.     Roe hereby incorporates by reference the preceding paragraphs.

43.     Defendants failed to verify the accuracy of the criminal records information about Roe during the 30-day period ending on the date on which the report was furnished, in violation of Civil Code section 1786.18(c).

1    44.    Defendants' violations were willful and/or grossly negligent.

2    45.    Defendants' violations entitle Roe to damages including, but not limited to, the

3  actual harms suffered by Roe as a direct legal, proximate, and foreseeable result of Defendants'

4  violations, or statutory damages of $10,000, and punitive damages.

5                              **SECOND CAUSE OF ACTION**

6                    **(Violations of California Civil Code § 1786.20(b))**

7                              **(Against All Defendants)**

8    46.    Roe hereby incorporates by reference the preceding paragraphs.

9    47.    Defendants failed to "follow reasonable procedures to assure maximum possible

10  accuracy of the information" about Roe, in violation of Civil Code section 1786.20(b).

11    48.    Defendants' violations were willful and/or grossly negligent.

12    49.    Defendants' violations entitle Roe to damages including, but not limited to, the

13  actual harms suffered by Roe as a direct legal, proximate, and foreseeable result of Defendants'

14  violations, or statutory damages of $10,000, and punitive damages.

15                              **THIRD CAUSE OF ACTION**

16                    **(Violations of California Civil Code § 1786.24)**

17                              **(Against All Defendants)**

18    50.    Roe hereby incorporates by reference the preceding paragraphs.

19    51.    Defendants failed to reinvestigate and either record the status of the disputed

20  information or delete the item from the file within 30 days of receiving disputes from Roe.

21    52.    Defendants never provided the notice required by Civil Code section 1786.24(g).

22    53.    Defendants' violations were willful and/or grossly negligent.

23    54.    Defendants' violations entitle Roe to damages including, but not limited to, the

24  actual harms suffered by Roe as a direct legal, proximate, and foreseeable result of Defendants'

25  violations, or statutory damages of $10,000, and punitive damages.

26

27

28

## FOURTH CAUSE OF ACTION

### (Violations of Business and Professions Code §§ 17200 *et seq.*)

### (Against All Defendants)

55. Roe hereby incorporates by reference the preceding paragraphs.

56. The Unfair Competition Law ("UCL") defines unfair competition to include any "unlawful, unfair, or fraudulent" business act or practice. Cal. Bus. & Prof. Code §§ 17200 *et seq.*

57. Defendants engaged in unlawful and unfair business practices under the UCL by violating multiple sections of ICRAA.

58. Roe was injured in fact and lost money or property as a result of these unlawful and unfair business practices.

59. Roe is entitled to seek injunctive relief to prevent Defendants' use of any practice which constitutes unfair competition. Cal. Bus. & Prof. Code § 17203.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For statutory damages of $10,000 per violation of ICRAA, or damages to be proven at trial, whichever is greater;

2. For punitive damages;

3. For injunctive relief;

4. For costs of suit herein incurred;

5. For reasonable attorney's fees;

6. For interest as allowed by law; and

7. For such other and further relief as the Court may deem proper.

Dated: August 8, 2015

Craig Davis
LAW OFFICES OF CRAIG DAVIS
Attorney for Plaintiff Jane Roe

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

8

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Craig Davis (SBN 268194)<br>Law Offices of Craig Davis<br>1714 Stockton Street, Third Floor, Ste 305<br>San Francisco, CA  94133 | **FILED**<br>**ALAMEDA COUNTY**<br><br>AUG 0 8 2016 |

TELEPHONE NO.: 415.857.5820     FAX NO.: 415.795.4595
ATTORNEY FOR (Name): Plaintiff Jane Roe

CLERK OF THE SUPERIOR COURT
By _____
JANE THOMAS, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda County
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

CASE NAME:
Jane Roe v. First Advantage Background Services Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | RG16826479 |

JUDGE:

DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify):  Violations of Civil Code §§ 1786.18, 1786.20, 1786.24; B&P Code 17200
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 8, 2016
Craig Davis

BY FAX

_____               ►   _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | | Case Number: |
|---|---|---|
| Jane Roe v. First Advantage Background Services Corporation, et al. | | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[ ] Hayward Hall of Justice  (447)

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)     [ ] Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [X] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs     **[ ] Yes    [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

# Exhibit C

Law Offices of Craig Davis
Attn: Davis, Craig
1714 Stockton Street
Third Floor, Suite 305
San Francisco, CA   94133

## Superior Court of California, County of Alameda

| | |
|---|---|
| Roe | No. RG16826479 |
| **Plaintiff/Petitioner(s)** | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| VS. | Unlimited Jurisdiction |
| First Advantage Background Services Corporation | |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

### TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: **12/21/2016** Time: **09:30 AM** | Department: **19** Location: **Administration Building Third Floor 1221 Oak Street, Oakland  CA  94612** Internet: **www.alameda.courts.ca.gov** | Judge: **Julia Spain** Clerk: **Ana Liza Tumonong** Clerk telephone: **(510) 267-6935** E-mail: **Dept.19@alameda.courts.ca.gov** Fax: |

### ORDERS

1. **Plaintiff** must:

   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

   a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. **File and serve** a completed *Case Management Statement* on Form CM-110  at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30.  Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone.  Contact CourtCall, an independent vendor, at least three business days before the scheduled conference.  Call 1-888-882-6878, or fax a service request to (888) 882-2946.  The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery.  Submit them directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to *www.alameda.courts.ca.gov/ff*.

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration.  Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc*.

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/10/2016.

By _____

Deputy Clerk

# Exhibit D

*Superior Court of California, County of Alameda*



*Notice of Assignment of Judge for All Purposes*

Case Number: RG16826479
Case Title:     Roe  VS First Advantage Background Services Corporation
Date of Filing: 08/08/2016

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

|  |  |
|---|---|
| **Judge:** | **Julia Spain** |
| **Department:** | **19** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6935** |
| **Fax Number:** | |
| **Email Address:** | **Dept.19@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

Counsel(s) are expected to be familiar with the Statement of Professionalism and Civility, Alameda County Bar Association (www.acbanet.org).

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY

OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, George E. McDonald Hall of Justice, 2233 Shoreline Drive, Alameda, California, 94501 and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Julia Spain
DEPARTMENT 19

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1)  and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's Web site also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Appearances by attorneys not counsel of record are not permitted except for good cause shown. (Non-emergency scheduling conflicts are not good cause). Any appearing counsel must have full authority to make decisions on a case.

All references to counsel apply equally to self-represented parties and all must comply with all the rules cited in this Notice. Parties are reminded that the dept. clerk is prohibited from giving legal advice. Self-represented parties are encouraged to use the Self-Help Center at the Rene C. Davidson Courthouse, 1225 Fallon St., 2nd Fl., Oakland and at the Hayward Hall of Justice, 24405 Amador St., Hayward.

Email is the best method of communicating with court staff. Email address for counsel or self-represented litigants must be listed in the caption of all filed papers, as required by CRC 2.111(1).  All email communications must be copied to all parties for whom an email address is available. Pleadings/documents shall not be transmitted via email.

**Schedule for Department 19**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Mondays, Tuesdays, Thursdays and Fridays, beginning at 9:30 a.m.

- Trial Readiness Conferences are held 2 weeks prior to trial date. Compliance with Local Rule 3.35 and personal appearance of trial counsel is required.

- Case Management Conferences are held:  Wednesdays at 9:30 a.m. Timely filed and complete CMC Statements with courtesy copy to Dept. 19 are required.   The court will usually publish a Tentative Case Management Order.  Check DOMAIN to see if Order waives CMC appearance.

- Law and Motion matters are heard:  Wednesdays and Thursdays at 2:00 p.m.; Litigants must contact the dept. clerk to reserve a date before filing any law and motion matter. See further procedures below.

- Settlement Conferences are heard:  Court resources are limited. Counsel are encouraged to consider alternative dispute resolution. Conferences will be specially set as appropriate.

- Ex Parte matters are heard:  On written applications only on Mondays - Thursdays. Email Dept. 19 to request date.  Moving party must give 48 hours prior notice to opponent advising written opposition must be filed and courtesy copy delivered to Dept. 19 within 24 hours.

- Check Domain, Dept. 19 webpage, click on "List of Documents" for other useful materials.

- DISCOVERY DISPUTES: Parties must exhaust Meet and Confer requirements before contacting the court for a hearing date.  No Motion to Compel Discovery will be scheduled until after the parties complete an informal discovery resolution process thru the court.   Email the dept. for a date and further details before preparing any Motion to Compel.

<u>Law and Motion Procedures</u>

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        Dept.19@alameda.courts.ca.gov

  Please provide: 1) Name of case; 2) Case number; 3) Title of motion; 4) Moving party; 5) Name of Responding Party's Counsel and email address.

- Ex Parte Matters
  Email:        Dept.19@alameda.courts.ca.gov

<u>Tentative Rulings</u>

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 19

- Phone:  1-866-223-2244

Dated:  08/09/2016

_____

Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/10/2016

By _____

Deputy Clerk

# EXHIBIT E

SEYFARTH SHAW LLP
Eric M. Lloyd (SBN 254390)
elloyd@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

Attorney for Defendant
FIRST ADVANTAGE BACKGROUND SERVICES CORP.

ENDORSED
FILED
ALAMEDA COUNTY

OCT 0 6 2016

CLERK OF THE SUPERIOR COURT
By _____
JANE THOMAS, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

RENE' C. DAVIDSON COURTHOUSE

UNLIMITED JURISDICTION

| | |
|---|---|
| JANE ROE,<br><br>          Plaintiff,<br><br>     v.<br><br>FIRST ADVANTAGE BACKGROUND<br>SERVICES CORPORATION, VERIFICATIONS,<br>INC., and DOES 1 - 10,<br><br>          Defendants. | Case No. RG16826479<br><br>**DEFENDANT FIRST ADVANTAGE<br>BACKGROUND SERVICES CORP.'S<br>ANSWER TO PLAINTIFF'S<br>COMPLAINT**<br><br>Complaint Filed: August 8, 2016 |

Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. ("First Advantage"),

improperly identified as First Advantage Background Services Corporation, hereby answers the

Complaint of Plaintiff JANE ROE as follows:

### GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), First

Advantage denies, generally and specifically, each and every allegation, statement, matter, and each

purported cause of action contained in Plaintiff's Complaint.  Without limiting the generality of the

foregoing, First Advantage also denies, generally and specifically, that Plaintiff has been damaged in the

manner or sums alleged, or in any way at all, by reason of any acts or omissions of First Advantage.

1

DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S
ANSWER TO PLAINTIFF'S COMPLAINT

## SEPARATE DEFENSES

In further answer to Plaintiff's Complaint, First Advantage asserts the following additional defenses. In asserting these defenses, First Advantage does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

Plaintiff sustained no injuries, damages, or loss by reason of any act of First Advantage.

## SECOND DEFENSE

First Advantage followed reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in any consumer reports relating to her.

## THIRD DEFENSE

To the extent Plaintiff's claims are based on acts that occurred or accrued prior to any applicable statute of limitations, such claims are time-barred.

## FOURTH DEFENSE

Plaintiff is not entitled to punitive damages because First Advantage made good faith efforts to comply with the Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786 *et seq.*

## FIFTH DEFENSE

To the extent that Plaintiff failed to mitigate her alleged damages, her recovery, if any must be reduced accordingly.

## RESERVATION OF RIGHTS

First Advantage presently has insufficiently knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses, and reserves the right to assert additional defenses in the event that discovery and/or investigation indicates that such defenses are appropriate.

## PRAYER

Wherefore, First Advantage prays for judgment as follows:

1.    The Plaintiff's Complaint be dismissed in its entirety and with prejudice with respect to First Advantage, with costs taxed against Plaintiff;

2

1        2.       That First Advantage recover from Plaintiff its expenses of litigation; and

2        3.       That First Advantage recover such other and additional relief as the Court deems proper.

3

4                                   SEYFARTH SHAW LLP

5

6                              By:

7                                   Eric M. Lloyd

8    Date: October 6, 2016

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S
ANSWER TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 560 Mission Street, 31st Floor, San Francisco, California  94105.  On October 6, 2016, I served the within document(s):

**DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐  I sent such document from facsimile machines (415) 397-8549 on October 9, 2015.  I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above in a sealed envelope or package provided by Federal Express with postage paid on account and deposited for collection with Federal Express at San Francisco, California, addressed as set forth below.

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Craig Davis, Esq.
LAW OFFICE OF CRAIG DAVIS
1714 Stockton Street, Third Floor
Suite 305
San Francisco, California 94133-2930
cdavis@craigdavislaw.com

       I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

       Executed on October 6, 2016, at San Francisco, California.

_____
                Nancy J. Davilla

1

DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S
ANSWER TO PLAINTIFF'S COMPLAINT

# Exhibit F

1   SEYFARTH SHAW LLP
Eric M. Lloyd (SBN 254390)
2   elloyd@seyfarth.com
560 Mission Street, 31st Floor
3   San Francisco, California 94105
Telephone:    (415) 397-2823
4   Facsimile:    (415) 397-8549

5   SEYFARTH SHAW LLP
Frederick T. Smith (*to be admitted pro hac vice*)
6   fsmith@seyfarth.com
Megan H. Poonolly (*to be admitted pro hac vice*)
7   mpoonolly@seyfarth.com
1075 Peachtree Street, N.E., Suite 2500
8   Atlanta, Georgia  30309-3958
Telephone:    (404) 885-1500
9   Facsimile:    (404) 892-7056

10   Attorneys for Defendant
FIRST ADVANTAGE BACKGROUND SERVICES CORP.

11

12

13                 UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16   JANE ROE, | Case No. |
| 17           Plaintiff, | **DECLARATION OF BRET T. JARDINE** |
| 18        v. | |
| 19   FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION, VERIFICATIONS, | |
| 20   INC., and DOES 1 - 10, | |
| 21           Defendants. | |

22

23      I, Bret T. Jardine, state as follows:

24      1.     I am the General Counsel of First Advantage Corporation.   I have been employed in this

25 capacity since 2004.  I also serve as the Vice President/Secretary of First Advantage Background

26 Services Corp., which is a subsidiary of First Advantage Corporation.

27

28

35288947v.1

2.      I am authorized to make this Declaration on behalf of First Advantage Background Services Corp.

3.      I have personal knowledge and am competent to testify as to all matters contained herein.

4.      First Advantage Background Services Corp. is a corporation organized under the laws of Florida.

5.      First Advantage Corporation acquired Verifications, Inc. in October 2013.  In July 2015, Verifications was merged into First Advantage Background Services Corp. and the Verifications entity ceased to exist.  As part of the merger, First Advantage Background Services Corp. assumed all of Verifications' liabilities.

6.      First Advantage Corporation's global corporate headquarters has been located in Atlanta, Georgia since December 2013.  The headquarters serves as the center of direction, control, and coordination for First Advantage Corporation and its subsidiaries, including First Advantage Background Services Corp.  I maintain my office in the company's corporate headquarters.  Many of First Advantage Background Services Corp.'s other corporate officers, including its President and Chief Financial Officer, also maintain offices in Atlanta.  In addition, many of the executive and administrative functions of First Advantage Corporation and its subsidiaries, including corporate finance and accounting, are directed from the Atlanta office.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October  6, 2016.

_____
Bret T. Jardine

2

35288947v.1